UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DANNY C. TAYLOR,

    Petitioner,

v.  CASE NO. 6:11-cv-00687-31GJK

SECRETARY DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.

---

# **ORDER**

    Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. 1, filed April 25, 2011). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a timely response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. 14, filed August 29, 2011). In the response, Respondents allege that Petitioner's sole claim was procedurally barred. Despite having the opportunity to do so (Doc. 15), Petitioner filed no reply to the response.

    Petitioner alleges one claim for relief in his habeas petition. Petitioner claims that trial counsel was ineffective for failing to properly investigate and prepare for his violation hearing and for not attempting to obtain a continuance of his case in order to accumulate evidence to show that no violation was committed (Doc. 1 at 6; Doc. 2 at 6). Upon due consideration of the petition, the response, and the state-court record, this Court concludes, for the reasons set forth below, that the petition should be denied as unexhausted and procedurally barred.

## I. Procedural History

On March 11, 2008, Petitioner was charged by information with one count of driving while his driver's license was revoked as a habitual traffic offender, in violation of Florida Statute § 322.24(5) (App. A ).[1] On August 11, 2008, Petitioner entered a plea of *nolo contendere* to the charge and was sentenced to time served in prison, followed by eighteen months probation and community service (App. B, C, D). On April 21, 2009, an affidavit of violation was filed, alleging that Petitioner violated the terms and conditions of his probation (App. E). An amended affidavit of violation was filed on May 12, 2009 (App. F).

After a hearing on the violation of probation on July 7, 2009, Petitioner was sentenced to thirty months in prison (App. H). Petitioner appealed his conviction and sentence, but filed a notice of voluntary dismissal on December 9, 2009 and the Fifth District Court of Appeal dismissed the appeal on December 11, 2009 (App. I, J).

Petitioner filed a Florida Rule of Criminal Procedure 3.850 motion ("Rule 3.850 motion") for post-conviction relief on February 15, 2010 (App. L). On March 10, 2010, the trial court issued an order striking ground one of the motion as facially insufficient to establish a prima facie claim for relief and allowed an opportunity for Petitioner to amend the motion (App. M). On August 13, 2010, the motion was denied by the trial court (App. N). Florida's Fifth District Court of Appeal *per curiam* affirmed on August 10, 2010 (App. P); *Taylor v. State,* 48 So. 3d 857 (Fla. 5th DCA 2010).

The instant petition was timely filed on April 19, 2011 (Doc. 1).

## II. Governing Legal Principles

---

[1] Unless otherwise noted, citations to the record refer to the appendices filed by Respondents on July 22, 2011 (Doc. 12).

Because Petitioner filed his petition after April 24, 1996, this case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Penry v. Johnson*, 532 U.S. 782, 792 (2001); *Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir. 2003). The AEDPA "establishes a more deferential standard of review of state habeas judgments," *Fugate v. Head*, 261 F.3d 1206, 1215 (11th Cir. 2001), in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see also Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (recognizing that the federal habeas court's evaluation of state-court rulings is highly deferential and that state-court decisions must be given the benefit of the doubt).

### a. *Standard of Review Under the AEDPA*

Pursuant to the AEDPA, habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

The United States Supreme Court has clarified the meaning of "contrary to" and "unreasonable application" as used in 28 U.S.C. § 2254(d)(1):

> [Section] 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meanings. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant

> relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in *Williams* that an unreasonable application is different from an incorrect one.

*Bell v. Cone*, 535 U.S. 685, 694 (2002).

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### b. *Exhaustion and Procedural Default*

The AEDPA precludes federal courts, absent exceptional circumstances, from granting habeas relief unless a petitioner has exhausted all means of available relief under state law. Specifically, the AEDPA provides, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)
> (i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). Exhaustion of state remedies requires that the state prisoner "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citing *Picard v. Conner*, 404 U.S. 270, 275-76 (1971)). The petitioner must apprise the state

court of the federal constitutional issue, not just the underlying facts of the claim or a similar state law claim. *Snowden v. Singletary*, 135 F.3d 732 (11th Cir. 1998). The United States Supreme Court has explained that:

> Comity concerns dictate that the requirement of exhaustion is not satisfied by the mere statement of a federal claim in state court. Just as the State must afford the petitioner a full and fair hearing on his federal claim, so must the petitioner afford the State a full and fair opportunity to address and resolve the claims on the merits.

*Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992).

In addition, a federal habeas court is precluded from considering claims that are not exhausted but would clearly be barred if returned to state court. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) (stating that if a petitioner has failed to exhaust state remedies and the state court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, there is a procedural default for federal habeas purposes regardless of the decision of the last state court to which the petitioner actually presented his claims).

Finally, a federal court must dismiss those claims or portions of claims that have been denied on adequate and independent procedural grounds under state law. *Coleman*, 501 U.S. at 750. If a petitioner attempts to raise a claim in a manner not permitted by state procedural rules, he is barred from pursuing the same claim in federal court. *Alderman v. Zant*, 22 F.3d 1541, 1549 (11th Cir. 1994).

Procedural default will be excused only in two narrow circumstances. First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both "cause" for the default and actual "prejudice" resulting from the default. "To establish cause for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999).

To establish prejudice, a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Henderson*, 353 F.3d at 892.

The second exception, known as the "fundamental miscarriage of justice," only occurs in an extraordinary case, where a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In addition, "[t]o be credible, a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup*, 513 U.S. at 324).

### III. Analysis

Petitioner alleges that counsel was ineffective for failing to prepare his case (Doc. 1 at 6). Specifically Petitioner contends that, "after his attorney took payment he never made any effort to prepare a trial strategy with the petitioner, and never obtained or attempted to obtain a continuance in order to accumulate evidence to show the court that there was no violation committed." (Doc. 1 at 6). Petitioner raised this issue as claim one in his Rule 3.850 motion for post-conviction relief. However, the only supporting facts alleged by Petitioner in the motion were:

> My attorney prior to July 7th made no attempt to contact me to discuss my case. At my hearing I asked my attorney to ask for a continuance. He never asked the Judge, or the state. There was no [status] hearing.

(App. L at 7). The trial court struck these allegations as facially insufficient to establish a prima facie claim for relief and ordered Petitioner to "file a Supplemental Motion with respect to Ground 1, including sufficient supporting facts, within 30 days[.]" (App. N). In its order denying

Petitioner's Rule 3.850 motion, the state court determined that Petitioner had not amended claim one within thirty days as ordered and had not made a timely request for additional time in which to do so (App. N at 2). As such, claim one was denied as insufficiently pled. *Id.*

A state court's rejection of a petitioner's constitutional claim on a state procedural ground generally precludes federal habeas review of the claim. *Coleman*, 501 U.S. 722 (1991); *Caniff v. Moore*, 269 F.3d 1245, 1247 (11th Cir.2001) ("[C]laims that have been held to be procedurally defaulted under state law cannot be addressed by federal courts."). However, "a state court's rejection of a federal constitutional claim on procedural grounds will only preclude federal review if the state procedural ruling rests upon [an] 'independent and adequate' state ground." *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir.2001). A state court's procedural ruling constitutes an independent and adequate state rule of decision if: (1) the last state court rendering a judgment in the case clearly and expressly states that it is relying upon a state procedural rule to resolve the federal claim without reaching the merits of the claim; (2) the state court's decision rests solidly on state law grounds and is not intertwined with an interpretation of federal law; and (3) the state procedural rule is not applied in an "arbitrary or unprecedented fashion," or in a "manifestly unfair manner." *Judd*, 250 F.3d at 1313 ( citing *Card v. Dugger*, 911 F.2d 1494 (11th Cir.1990)). Each of these conditions is met in the instant case.

First, under Florida law, a trial court is required to determine whether a Rule 3.850 motion is facially sufficient, i.e., whether it sets out a cognizable claim for relief based upon the legal and factual grounds asserted. *Jacobs v. State*, 880 So. 2d 548, 550 (Fla. 2004). Florida Rule of Criminal Procedure 3.850(a)-(c) sets forth the criteria for filing a facially sufficient post-conviction motion. The rule requires the movant to include "a brief statement of the facts (and other conditions) relied

7

on in support of the motion." Fla. R. Crim. P. 3.850(c)(6). A "summary or conclusory allegation is insufficient to allow the trial court to examine the specific allegations against the record." *Ragsdale v. State*, 720 So.2d 203, 207 (Fla.1998). In the instant case, the trial court expressly applied a state procedural rule and concluded that Petitioner's brief statement of claim one did not allege sufficient facts to establish a prima facie claim for relief (App. N at 2). Florida's Fifth District Court of Appeal affirmed the application of the procedural bar (App. P). *See Harmon v. Barton*, 894 F.2d 1268, 1274 (11th Cir.1990) (a state appellate court's *per curiam* affirmance of the lower court's ruling explicitly based on procedural default is a clear and express statement of its reliance on an independent and adequate state law ground barring federal review). Second, the state court's rejection of the claim was clearly made only on state, not federal, grounds. Finally, insufficiently pled claims are routinely rejected by Florida courts, indicating that the rule was not arbitrarily or unfairly applied in this case. *See e.g. Franqui v. State,* 965 So. 2d 22 (Fla. 2007) (rejecting claim that appellate counsel was ineffective because claim lacked specificity and a legal basis); *Johnson v. Moore*, 837 So. 2d 343, 347 (Fla. 2002) (claim that did not demonstrate how appellate counsel was outside the range of professionally acceptable performance was insufficiently pled). Accordingly, the trial court's rejection of this claim rested upon an independent and adequate state law ground, and Petitioner's claim is procedurally defaulted.

Petitioner's procedural default forecloses federal habeas review absent a showing of either cause and prejudice for the default or a fundamental miscarriage of justice. *Harris v. Reed*, 489 U.S. 255, 262 (1989); *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir.2001). Petitioner alleges that he prepared an amended motion and sent it to the lower court, but that the judge "for reasons unknown to Petitioner never received the amended motion." (Doc. 1 at 6). To the extent that this statement

8

is an allegation of cause for his default, Petitioner's claim still fails. Notwithstanding Petitioner's assertion otherwise, the trial court specifically determined that Petitioner did not file an amended claim within the thirty days he was granted to do so. A determination of a factual issue by a state court is presumed correct absent clear and convincing evidence otherwise. *See* 28 U.S.C. § 2254(e)(1); *see also Kearse v. Secretary, D.O.C.*, 2011 WL 5248151 (11th Cir. Nov. 3, 2011) (noting that a state court's conclusion that a petition was improperly filed is a finding of fact). Moreover, under Florida law, Petitioner had fifteen days after the state court's order denying his Rule 3.850 motion in which to move for rehearing in order to alert the state court to his purportedly timely amendment of claim one. *See* Fla. R. Crim. P. Rule 3.850(h). The record does not suggest, and Petitioner does not allege, that he filed such a motion or in any other way alerted the state court to its alleged oversight. As such, Petitioner presents no evidence, much less clear and convincing evidence, to rebut the court's determination that he neither timely filed an amended claim one nor requested an extension of time in which to do so.

Furthermore, this claim cannot be further reviewed in state court. Petitioner's failure to adequately raise, in his first post-conviction petition, the constitutional issue surrounding counsel's alleged ineffective assistance bars him from raising the issue in a successive petition. *See Mills v. Florida*, 684 So.2d 801, 804 n.3 (Fla. 1996); *Coleman*, 501 U.S. at 735 n.1 (1991) ( if a petitioner has failed to exhaust state remedies and the state court would now find the claims procedurally barred, there is a procedural default for federal habeas purposes). Finally, Petitioner has presented no new, reliable, evidence that would support a claim of actual innocence such that the fundamental miscarriage of justice exception to the procedural default rule would apply. *Calderon* , 523 U.S. at  559 (1998) ("[t]o be credible, a claim of actual innocence must be based on [new] reliable

9

evidence not presented at trial." )(internal citations omitted).  As a result, this claim is unexhausted and procedurally barred.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by Danny C. Taylor is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.  The Clerk of the Court shall enter judgment accordingly.

2. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** at Orlando, Florida, this 18th day of November, 2011.

                                              GREGORY A. PRESNELL
                                              UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-4 11/18
Danny C. Taylor
Counsel of Record